IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD RICHARD HENAGER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-05-870-W |
| | ) |
| RANDY PARKER, Warden, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

The Petitioner, Mr. Harold Henager, is a state inmate who seeks a writ of habeas corpus. The Court should deny the petition.[1]

---

[1] Mr. Randy Parker urges dismissal on grounds of procedural default. Response to Petition for Writ of Habeas Corpus at pp. 3-6 (Sept. 20, 2005). But the Court need not address this issue, as the petition is more easily dismissed on the merits. *See Miller v. Mullin*, 354 F.3d 1288, 1297 (10th Cir. 2004), *cert. denied*, __ U.S. __, 125 S. Ct. 1294 (2005); *see also Fields v. Gibson*, 277 F.3d 1203, 1217-18 (10th Cir. 2002) ("We need not review the district court's conclusion that this claim is procedurally barred because we can easily find it fails on the merits." (citation omitted)).

The Respondent also argues that the guilty plea had resulted in the waiver of all nonjurisdictional defenses. Response to Petition for Writ of Habeas Corpus at pp. 6-7 (Sept. 20, 2005). This argument turns on whether the constitutional challenge is jurisdictional. Some courts have held that challenges to the constitutionality of a state criminal statute are jurisdictional and are not waived by a guilty plea. *See, e.g., United States v. Bell*, 70 F.3d 495, 497 (7th Cir. 1995) (citing cases which hold that "the claim that the applicable statute is unconstitutional is a jurisdictional claim which is not waived by the guilty plea" (citations omitted)). The Western District of Oklahoma need not decide whether it would reach a similar result in light of the invalidity of Mr. Henager's underlying theory.

## Background

Pursuant to a guilty plea, Mr. Henager was convicted and sentenced in state court on a charge involving an attempt to manufacture methamphetamine. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 1, 2 (July 29, 2005) ("Petition"). The Petitioner alleges that the Oklahoma legislature is "wrong" when it states that pseudoephedrine is a precursor for the production of methamphetamine. Reply Brief at p. 2 (Oct. 25, 2005). According to Mr. Henager, the Oklahoma legislature is aware that pseudoephedrine is a "false 'man-made' product" and cannot produce a *"true"* methamphetamine. Petition at p. 4 (emphasis in original). Thus, the Petitioner challenges the constitutionality of his conviction based on the use of pseudoephedrine to manufacture methamphetamine. *Id., passim.*

## Standard for Habeas Relief

This Court has a "secondary and limited" role in the review of state court rulings through a petition for habeas relief. *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998) (citations omitted).

For example, when factual allegations are involved, a federal court can grant habeas relief if the state court had made "an unreasonable determination of the facts in light of the evidence presented." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(2) (2000).

Habeas relief is otherwise unavailable unless the state court had "reached a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the petitioner's case." *Sallahdin v. Gibson*, 275 F.3d 1211, 1221 (10th Cir. 2002).

### The Merits of Mr. Henager's Claim

Mr. Henager's argument is misguided. The Oklahoma Court of Criminal Appeals ("OCCA") rejected the same claim, reasoning that "[t]he Oklahoma Legislature has the authority to determine what is lawful and what is unlawful in this state." Order Affirming Denial of Application for Post-Conviction Relief at p. 2, *Henager v. State of Oklahoma*, Case No. PC-2005-476 (Okla. Crim. App. July 22, 2005).

The OCCA's decision was reasonable under Supreme Court precedents. The power to define crime and punishment in Oklahoma lies with the legislature. *See Walker v. State*, 953 P.2d 354, 356 (Okla. Crim. App. 1998); *see also Cummings v. Evans*, 161 F.3d 610, 614 (10th Cir. 1998) ("[I]t is the legislature that is vested with 'the substantive power to prescribe crimes and determine punishments.'" (citation omitted)).

Regardless of the scientific basis for the law, it is consistent with the federal constitution. The Oklahoma legislature enjoys the intrinsic authority to criminalize manufacture of illicit drugs, regardless of whether the precursor substances are genuine or man-made. The sole issue is whether the OCCA had violated Supreme Court precedents in

the interpretation of Oklahoma's methamphetamine law. The Court should answer in the negative and deny habeas relief.

### Notice of Right to Object

The parties may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1). The deadline for objections is November 30, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

### Status of the Referral

The referral to the undersigned is terminated.

Entered this 10th day of November, 2005.

*/s/ Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge